UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARLENE L. WATSON,<br><br>                  Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                  Defendant.[1] | Case No. 2:18-01019-JCM-PAL<br><br>**SCREENING ORDER**<br><br>(IFP App – ECF No. 1) |

Plaintiff Marlene L. Watson has submitted an Application to Proceed *In Forma Pauperis* (ECF No. 1) pursuant to 28 U.S.C. § 1915 along with a proposed Complaint (ECF No. 1-1). This Application and Complaint are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**I.**     ***I**N **F**ORMA **P**AUPERIS* **A**PPLICATION

Ms. Watson's Application includes the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* ("IFP") will be granted. The court will now review the Complaint.

**II.**     **S**CREENING THE **C**OMPLAINT

**A. Legal Standards**

After granting a request to proceed IFP pursuant to § 1915, federal courts must screen a complaint and any amended complaints before allowing a case to move forward, issuing summonses, and requiring a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.

---

[1] The proposed complaint generically names the "Commissioner of Social Security" as the defendant in this action. Nancy A. Berryhill is the Acting Commissioner of Social Security. Pursuant to the Federal Rules of Civil Procedure and the Social Security Act, the court therefore substitutes Nancy A. Berryhill for the "Commissioner of Social Security" as the defendant. *See* Fed. R. Civ. P. 25(d) (allowing the automatic substitution of a successor to a public officer who is a party to an action but ceases to hold office while the action is pending); 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

- 1 -

2000) (en banc). Courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks money from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915 is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure[2] for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A screening under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (noting that the purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint). When a court dismisses a complaint pursuant to § 1915, a plaintiff is ordinarily given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff alleges factual content that allows the court to make a reasonable inference that a defendant is liable for the claim alleged. *Teixeira v. Cnty. of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This plausibility standard is not a " 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Although Rule 8(a) does not require detailed factual allegations, it demands "more than labels and conclusions." *Iqbal*, 556 U.S. at 678. Merely reciting the elements of a cause of action and providing only conclusory allegations will not be enough to survive the court's review. *Id.* at 679–80.

Here, Ms. Watson's proposed Complaint (ECF No. 1-1) challenges a decision by the Social Security Administration ("SSA") denying her disability insurance benefits and supplemental

---
[2] All references to a "Rule" or the "Rules in this Order refer to the Federal Rules of Civil Procedure.

- 2 -

security income under Titles II and XVI of the Social Security Act. To state a valid benefits claim, a complaint must give the Commissioner fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (noting that a complaint must contain sufficient factual allegations "to enable the opposing party to defend itself effectively"). A plaintiff must present sufficient detail for the court to understand the disputed issues so that it can meaningfully screen the complaint. *See* 4 Soc. Sec. Law & Prac. § 56:4 (2016); 2 Soc. Sec. Disab. Claims Prac. & Proc. §§ 19:92–93 (2nd ed. 2015). To do so, a complaint should state *when* and *how* a plaintiff exhausted her administrative remedies with the SSA and the nature of her disability, including the date she claims she became disabled. The complaint should also contain a short and concise statement identifying *why* the SSA's decision was wrong and showing that the plaintiff is entitled to relief. *See Sabbia v. Comm'r Soc. Sec. Admin.*, 669 F. Supp. 2d 914, 918 (N.D. Ill. 2009) (when submitting a complaint for judicial review to the district court, social security appellants "must not treat the matter as a simple formality" by filing "extremely perfunctory" allegations), *aff'd by* 433 F. App'x 462 (7th Cir. 2011).

### B. Exhaustion of Administrative Remedies

Before a plaintiff can sue the SSA in federal court, she must exhaust her administrative remedies. 42 U.S.C. § 405(g); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) ("Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and (2) the Secretary has made a final decision on the claim"). Generally, if the SSA denies an application for disability benefits, a claimant can request reconsideration of the decision. If the claim is denied upon reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court. *See* 20 C.F.R. §§ 404.981, 416.1481. A civil action for judicial review must be commenced within 60 days after receipt of the Appeals Council's notice of a final decision. *Id. See also* 20 C.F.R. § 405.501. The SSA assumes that the notice of final decision will be received within five days of the date on the notice unless shown otherwise; thus, an action commenced within 65 days is

presumed timely. The civil action must be filed in the judicial district in which the plaintiff resides. 42 U.S.C. § 405 (g).

In this case, Ms. Watson alleges that on April 5, 2018, the Appeals Council denied the request for review and the ALJ's decision became the final decision of the Commissioner. Compl. ¶ 2. Thus, it appears she has exhausted her administrative remedies. Ms. Watson timely commenced this action as the Complaint was filed on June 5, 2018, and the Complaint indicates that she resides within the District of Nevada. *Id.* ¶ 4. Accordingly, she has satisfied these prerequisites for judicial review.

### C. Grounds for Ms. Watson's Appeal and the Nature of the Disability

The Complaint seeks judicial review of the Commissioner's decision denying benefits and asks the court to reverse that decision, or alternatively, to remand this matter for a new hearing. A district court can affirm, modify, reverse, or remand a decision if a plaintiff has exhausted his or her administrative remedies and timely filed a civil action. However, judicial review of the Commissioner's final decision is limited to determining whether: (1) there is substantial evidence in the record as a whole to support the Commissioner's findings; and (2) the correct legal standards were applied. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

In the Complaint (ECF No. 1-1), Ms. Watson alleges she became disabled on June 10, 2014, as a result of her medically severe impairments: chronic back pain, secondary to degenerative disc disease of the lumbar spine, degenerative joint disease of the right knee with meniscus tear, carpal tunnel syndrome, history of transient ischemic attach (TIA) with vertigo and chronic headaches, acute gastritis and gastroesophageal reflux disease, hypertension, diverticulitis, depression and anxiety with panic attacks. *Id.* ¶ 7.[3] She contends the Commissioner's conclusions

---

[3] The Complaint states that these are Ms. Watson's "present contentions" and are subject to "additional or different contentions after receipt of the administrative record." *Id.* ¶ 7. Watson asserts the "complaint is not meant to limit the issues that can be raised upon a full review of the administrative record." *Id.* ¶ 9. Ninth Circuit precedent instructs that when " 'claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal'." *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017) (quoting *Meanel v. Apfel*, 172 F.3d 1111 (9th Cir. 1999)). Thus, a failure to do so operates as a waiver of such challenges on appeal. *See, e.g.*, *Shaibi*, 883 F.3d at 1109 (finding that appellant had not shown good cause, or suggested any reason at all, for his failure to challenge the vocational expert's job numbers during administrative proceedings before the SSA); *Burrell v. Colvin*, 775 F.3d 1133, 1137 n.2 (9th Cir. 2014); *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008); *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

and findings of fact are "not supported by substantial evidence and are contrary to law and regulation." *Id.* ¶ 8. She disagrees with the SSA's final determination, which purportedly "failed to comply with the regulations in weighing the opinion evidence and creating a residual functional capacity that is supported by substantial evidence and includes all of Ms. Watson's limitations." *Id.* In addition, Watson alleges the SSA "committed error of law by denying Appeals Council review of the decision by the [ALJ], or otherwise to deny relief that was within the authority of the Appeals Council." *Id.* ¶ 6.

Ms. Watson's Complaint merely states a legal conclusion that the decision to deny her benefits was wrong by reciting the general standards that govern the court's review of the SSA's decision. She fails to allege facts indicating *why* the decision is wrong. Rule 8's pleading standard requires more than "labels and conclusions." *Iqbal*, 556 U.S. at 678. A complaint merely stating that the SSA's decision was wrong and failing to describe the underlying reasons why is insufficient to satisfy Rule 8's pleading requirement because the complaint does not provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Starr*, 652 F.3d at 1216 (a complaint must "enable the opposing party to defend itself effectively"). Accordingly, the Complaint fails to state a claim upon which relief can be granted.

Based on the foregoing,

**IT IS ORDERED**:

1. Plaintiff Marlene L. Watson's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. She will not be required to pay the $400 filing fee.
2. Ms. Watson is permitted to maintain this action to conclusion without prepaying any fees or costs or giving security therefor. However, this Order granting IFP status does not extend to the issuance and/or service of subpoenas at government expense.
3. The Clerk of Court shall **SUBSTITUTE** Nancy A. Berryhill for "Commissioner of Social Security" as the defendant in this suit.
4. The Clerk of Court shall **FILE** the Complaint (ECF No. 1-1), but ***SHALL NOT*** issue summons.
5. The Complaint is DISMISSED WITH LEAVE TO AMEND. Ms. Watson shall have

until **September 19, 2018**, to file an amended complaint, if she believes she can correct the noted deficiencies.

6. Failure to file an amended complaint on or before **August 27, 2018**, will result in a recommendation to the district judge that this case be closed.

Dated this 20th day of July, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE